IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **STANDARD BANK, PASB**<br>2640 Monroeville Boulevard<br>Monroeville, Pennsylvania 15146<br><br>    **Plaintiff**<br><br>v.<br><br>**LILLIAN V. JACOBS**<br>74 Frost Avenue<br>Frostburg, Maryland 21532<br><br>and<br><br>**MAIN STREET HANGAR, LLC**<br>295 East Main Street<br>Frostburg, Maryland 21532<br>*Serve on:*<br>    Jayci Shaw Duncan<br>    100 South Liberty Street<br>    Cumberland, Maryland 21502<br><br>    **Defendants.** | CASE NO. _____ |

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

## COMPLAINT FOR CONFESSED JUDGMENT

Plaintiff Standard Bank, PaSB ("Standard"), by its undersigned counsel and pursuant to Fed. R. Civ. P. 3, sues Lillian Jacobs ("Ms. Jacobs") and Main Street Hangar, LLC ("MSH," and collectively with Ms. Jacobs, "Defendants"). For its Complaint against Defendants, Standard states as follows.

PARTIES

1. Standard is a corporation formed under the laws of the Commonwealth of Pennsylvania, with its principal place of business in Monroeville, Pennsylvania.

2. Standard is registered and qualified to do business in the State of Maryland with the State Department of Assessments and Taxation of Maryland.

3. Ms. Jacobs is an adult resident of Cumberland, Allegany County, Maryland.

4. MSH is a limited liability company formed under the laws of the State of Maryland, with its principal place of business in Allegany County, Maryland.

5. Ms. Jacobs and MSH borrowed money from Standard.

JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because complete diversity exists among the parties and the amount in controversy exceeds $75,000.

7. This Court has specific personal jurisdiction over each of the Defendants because, as set forth herein, each of them is domiciled in Maryland.

8. Venue is proper in this District and in this Court pursuant to §1391(a)(2) because the events giving rise to the cause of action arose in this District.

FACTS COMMON TO ALL COUNTS

9. On July 15, 2008, Ms. Jacobs and her husband Jesse Thomas Jacobs ("Debtor," and collectively with Ms. Jacobs, "Borrowers") executed a commercial

promissory note in favor of Standard, in the original principal amount of $150,000 (the "July 15 Note"). A copy of the July 15 Note is attached hereto as **Exhibit 1** and incorporated herein by this reference.

10. On the same date, the Borrowers executed a commercial loan agreement in favor of Standard (the "July 15 CLA"). A copy of the July 15 CLA is attached hereto as **Exhibit 2** and incorporated herein by this reference.

11. On October 21, 2008, the Borrowers executed a promissory note in the original principal amount of $105,000 (the "October 21 Note"), and a commercial loan agreement (the "October 21 CLA"), each in favor of Standard. Copies of the October 21 Note and the October 21 CLA are attached hereto as **Exhibit 3** and **Exhibit 4**, respectively, and incorporated herein by this reference.

12. On November 3, 2008, Borrowers, as members of MSH, executed a commercial promissory note in the original principal amount of $475,000 (the "MSH Note"), and a commercial loan agreement (the "MSH CLA"), each in favor of Standard. Copies of the MSH Note and the MSH CLA are attached hereto as **Exhibit 5** and **Exhibit 6**, respectively, and incorporated herein by this reference.

13. On December 19, 2011, Debtor filed a petition for relief under Chapter 11 of the United States Bankruptcy Code.

14. Borrowers have not made all required payments under the July 15 Note, despite demand by Standard.

15. Borrowers have not made all required payments under the October 21 Note, despite demand by Standard.

16. MSH has not made all required payments under the MSH Note, despite demand by Standard.

## COUNT I – CONFESSION OF JUDGMENT
### (Against Lillian Jacobs Under the July 15 Note)

17. Standard incorporates the allegations in paragraphs 1-16 as if each such allegation was set forth in full and at length in this paragraph.

18. The July 15 Note provides that, after a default ". . . Borrower authorizes any attorney to appear in a court of record and confess judgment against Borrower in favor of [Standard]. The confession of judgment may be without process and for any amount due on this Note, including collection costs and reasonable attorneys' fees."

19. The July 15 Note also expressly provides that Standard's right to confess judgment is ". . . in addition to other remedies."

20. As discussed more fully above, Borrowers have defaulted under the July 15 Note by, *inter alia*, failing to pay all amounts when due.

21. The July 15 Note incorporates the July 15 CLA by reference.

22. The July 15 CLA permits Standard, after a default, to accelerate the entire balance due under the July 15 Note.

23. The amount due under the July 15 Note as of November 15, 2012 is $159,548.30.

24. The July 15 CLA also provides that Borrower will pay all expenses of collection, including (without limitation) reasonable attorneys' fees incurred by Standard.

25. Through December 7, 2012, Standard's expenses of collection, including attorneys' fees are $10,650.65.

WHEREFORE Plaintiff Standard Bank, PaSB seeks judgment in its favor and against Defendant Lillian V. Jacobs, for (A) compensatory damages in the amount of $170,198.95 (the "Principal Amount"), (B) pre-judgment interest on the Principal Amount at 6% *per annum*, (C) post-judgment interest on the Principal Amount at 10% *per annum*, (D) the court costs and fees associated with bringing this action, and (E) such other and further relief as the nature of its cause may require.

## COUNT II – CONFESSION OF JUDGMENT
(Against Lillian Jacobs Under the October 21 Note)

26. Standard incorporates the averments in paragraphs 1-16 into this paragraph as if each such averment was set forth in full herein.

27. The October 21 Note provides that, after a default ". . . Borrower authorizes any attorney to appear in a court of record and confess judgment against Borrower in favor of [Standard]. The confession of judgment may be without process and for any amount due on this Note, including collection costs and reasonable attorneys' fees."

28. The October 21 Note also expressly provides that Standard's right to confess judgment is ". . . in addition to other remedies."

29. As discussed more fully above, Borrowers have defaulted under the October 21 Note by, *inter alia*, failing to pay all amounts when due.

30. The October 21 Note incorporates the October 21 CLA by reference.

31. The October 21 CLA permits Standard, after a default, to accelerate the entire balance due under the October 21 Note.

32. The amount due under the October 21 Note as of November 15, 2012 is $114,802.29.

33. The October 21 CLA also provides that Borrower will pay all expenses of collection, including (without limitation) reasonable attorneys' fees incurred by Standard.

34. Through December 7, 2012, Standard's expenses of collection, including attorneys' fees, are $11,135.65.

WHEREFORE Plaintiff Standard Bank, PaSB seeks judgment in its favor and against Defendant Lillian V. Jacobs, for (A) compensatory damages in the amount of $125,937.94 (the "Principal Amount"), (B) pre-judgment interest on the Principal Amount at 6% *per annum*, (C) post-judgment interest on the Principal Amount at 10% *per annum*, (D) the court costs and fees associated with bringing this action, and (E) such other and further relief as the nature of its cause may require.

COUNT III – CONFESSION OF JUDGMENT
(Against MSH Under the MSH Note)

35. Standard incorporates the averments in paragraphs 1-16 into this paragraph as if each such averment was set forth in full herein.

36. The MSH Note provides that, after a default "... [MSH] authorizes any attorney to appear in a court of record and confess judgment against [MSH] in favor of [Standard]. The confession of judgment may be without process and for any amount due on this Note, including collection costs and reasonable attorneys' fees."

37. The MSH Note also expressly provides that Standard's right to confess judgment is "... in addition to other remedies."

38. As discussed more fully above, MSH has defaulted under the MSH Note by, *inter alia*, failing to pay all amounts when due.

39. The MSH Note incorporates the MSH CLA by reference.

40. The MSH CLA permits Standard, after a default by MSH, to accelerate the entire balance due under the MSH Note.

41. The amount due under the MSH Note as of November 15, 2012 is $532,697.62.

42. The MSH CLA also provides that MSH will pay all expenses of collection, including (without limitation) reasonable attorneys' fees incurred by Standard.

43. Through December 7, 2012, Standard's expenses of collection, including attorneys' fees, are $10,650.65.

WHEREFORE Plaintiff Standard Bank, PaSB seeks judgment in its favor and against Defendant Main Street Hangar, LLC, for (A) compensatory damages in the amount of $543,348.27 (the "Principal Amount"), (B) pre-judgment interest on the Principal Amount at 6% *per annum*, (C) post-judgment interest on the Principal Amount

at 10% *per annum*, (D) the court costs and fees associated with bringing this action, and (E) such other and further relief as the nature of its cause may require.

*[signature]*
_____
Eliot M. Wagonheim (Fed. Bar No. 24287)
Michael J. Lentz (Fed. Bar No. 26097)
Wagonheim Law
303 International Circle, Suite 390
Hunt Valley, Maryland 21230
ewagonheim@wagonheim.com
mlentz@wagonheim.com
Phone: (410) 584-1110
Fax: (410) 584-1120
*Attorneys for Plaintiff, Standard Bank, PaSB*